PHILIP PRESENT, Appellant, *v.* ABRAHAM A. GLAZER, Respondent.

Fourth Department, December 18, 1928.

*Isaac Adler,* for the appellant.

*John W. Remington,* for the respondent.

SEARS, J. The plaintiff's cause of action, as alleged in the complaint, is based on a promissory note dated February 3, 1927, given by the defendant to the plaintiff by the terms of which the defendant promised to pay to the plaintiff on the 3d day of June, 1927, the sum of $800 with interest from the date of the note. The answer admits all the allegations of the complaint but sets up as a counterclaim a cause of action against the plaintiff for breach of contract, the substance of which is that on the 18th day of April, 1922, the plaintiff sold defendant a jewelry business which he, the plaintiff, had previously been conducting in the city of Rochester, and covenanted as a part of the sale that although the plaintiff was to continue in business in Rochester as a dealer in diamonds, and diamond-mounted goods, and in watches, he would not engage either for himself or for any other person, directly or indirectly, in any other branch of the jewelry business in the city of Rochester, and that he would not antagonize in any way the business transferred to the defendant, and would at all times use his endeavors to aid the defendant in the business

transferred. The answer further alleges the breach of this covenant by the plaintiff by engaging in the jewelry business other than as a dealer in diamonds, diamond-mounted goods and watches. The jury rendered a verdict in favor of the defendant and against the plaintiff for the sum of $3,000. It is the judgment entered on this verdict which is under review on this appeal. It is to be noted that as the plaintiff did not recover on the promissory note, the amount of damages found to have been sustained by the defendant is thus in excess of $3,800.

The evidence introduced by the defendant was sufficient to warrant the jury in finding that there had been a breach of plaintiff's covenant not to engage in competing business. The only matter which we need consider relates to the proof of defendant's damages.

The damages recoverable for the breach of a covenant, in connection with a sale, not to engage in business in competition with the buyer are limited strictly to losses which the buyer sustains. The damages may include loss of profits and diminution in value of the property purchased. (*Bradford* v. *Montgomery Furniture Co.*, 115 Tenn. 610; *Dose* v. *Tooze*, 37 Ore. 13; *Gregory* v. *Spieker*, 110 Cal. 150; 3 Willis. Cont. § 1406; 12 R. C. L. 997.) It is obvious that the establishment of such damages involves great difficulty and the court will hardly require entire accuracy or certainty of proof. Still a reasonable foundation for the conclusion of injury to the buyer in the amount of damages found must be afforded. (*Scotton* v. *Wright*, 32 Del. 192; 121 Atl. 180; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 209; *Mortimer* v. *Bristol*, 190 App. Div. 452; *Brooklyn Elevated R. R. Co.* v. *B., B. & W. E. R. R. Co.*, 23 id. 29; *Nash* v. *Thousand Island Steamboat Co.*, 123 id. 148.)

In this case the defendant showed transactions by the plaintiff which according to defendant's contention were in violation of plaintiff's covenant and netted the plaintiff a profit of about $5,000. These dealings were with other merchants in and out of Rochester, and with many individual customers, including a considerable number of friends of the plaintiff and of his employees. In one or two instances, particularly in relation to a merchant named Allen, the record discloses the amount of profits earned by the plaintiff from business with customers of the defendant in violation of his covenant. The amount of profit from such transactions was, however, small in proportion to the damages awarded the defendant by the jury's verdict. The proof of damages which the defendant must rely on to sustain his recovery consists merely of evidence of the amount of plaintiff's profits arising from competing business and the bare fact that a number of the Rochester merchants with whom plaintiff had dealings also at some time

bought goods from the defendant. The amount of the transactions with such customers of the defendant we do not find in the record nor do we find the amount of the profits earned by the plaintiff therefrom. There is thus insufficient to establish loss to the defendant. There is a failure here to show the amount of such business done by the plaintiff which was potentially the business of the defendant.

We conclude then that the determination of the jury that the defendant has suffered damages to the extent of $3,800 is unsupported by the evidence and that a new trial is necessary.

The judgment of the County Court and of the City Court of Rochester should be reversed on the law and the facts and a new trial granted in the City Court of Rochester, with costs in all courts to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment of County Court and judgment of City Court reversed on the law and facts, and a new trial granted in the City Court, with costs in all courts to appellant to abide the event.