## Vermont Electric Supply Company v. William Andrus, et al.

[373 A.2d 531]

No. 102-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Smith, J. (Ret.), Specially Assigned**

Opinion Filed April 5, 1977

*Donald H. Hackel* and *Richard A. Pearson* of *Dick, Hackel & Hull,* Rutland, for Plaintiff.

*John J. Zawistoski* and *Allan R. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Billings, J.** This is an appeal and cross-appeal from a judgment order which awarded plaintiff compensatory damages for the breach of a noncompetition agreement and which refused to extend the time period of the noncompetiton agreement.

This is the third time this matter has been before this Court. In *Vermont Electric Supply Co.* v. *Andrus,* 132 Vt. 195, 315 A.2d 456 (1974), we held that a noncompetition agreement was enforceable in equity, and the cause was remanded for the computation of damages. In *Vermont Electric Supply Co.* v. *Andrus,* 133 Vt. 422, 340 A.2d 77 (1975), we affirmed the damages computation for the period from May 1, 1972, to February 20, 1973. This action seeks to update the compensatory damages from February 20, 1973, and to equitably revise the noncompetition agreement by extending the term of the restriction for a period of time equal to the period during which the defendants have been in violation of the agreement. Initially, the plaintiff sought relief by a petition for contempt, but prior to the hearing on the petition, voluntarily withdrew it.

When judges act as triers of facts, they are bound to impartially and judiciously weigh and sift the evidence in order to find and state the facts relevant to the controversy established by the evidence. *Isabelle* v. *Proctor Hospital,* 131 Vt. 1, 298 A.2d 818 (1972); *Potwin* v. *Tucker,* 126 Vt. 414, 417, 234 A.2d 430 (1967). In so doing, a judge must accord to every person who is legally interested in a proceeding, or his counsel, a full opportunity to be heard. See Code of Judicial Conduct, 12 V.S.A. App. VIII C. 3(A)(4) (1975). During trial, the presiding judge stated that if the matter was not disposed of by the next day it "would be continued for retrial" since he "didn't have any time between now and April". Defendant's counsel indicated that this time frame could seriously affect his presentation of evidence and his right to cross-examination, and that as a result, the

defendant would be prevented from being fully heard. This was error and the cause must be remanded for a further hearing.

■ The measure of damages for breach of a noncompetiton agreement is the plaintiff's provable loss and not the gain accruing to the defendant by reason of the breach. *Vendo Co.* v. *Stoner*, 105 Ill. App.2d 261, 245 N.E.2d 263, 277-78 (1969); 127 A.L.R. 1152 (1940). The difficulty in producing evidence in support of this measure of damages does not change the rule that in a contract action one can only recover the natural and proximate damages caused by the injury. *Pareira* v. *Wehner*, 133 Vt. 74, 78, 330 A.2d 84 (1974). Plaintiff is entitled to recover only those profits lost on sales which he might reasonably have made, but for the defendant's breach. See *Present* v. *Glazer*, 225 App.Div. 23, 232 N.Y.S. 63 (1928).

In assessing the measure of damages, the trial court assumed that the defendant's sales which violated the agreement would have been successfully bid by the plaintiff. The damage figure was computed by multiplying the plaintiff's gross profit margin percentages by the amount of each sale. The trial court stated, "I'm going to have to make an arbitrary decision . . . I will state that is an arbitrary decision, and I have to make some decision to the case that lends itself to the simplest resolution of the matter". The court then used a one hundred per cent factor on all jobs sold by the defendant despite the initial offer of the plaintiff to introduce evidence as to the plaintiff's success ratio in competitive bidding. Lacking this evidence, the trier of fact was not able to estimate "with reasonable certainty the amount of damages caused by the breach". *Vermont Electric Supply Co.* v. *Andrus, supra*, 132 Vt. at 200; *Berlin Development Corp.* v. *Vermont Structural Steel Corp.*, 127 Vt. 367, 372, 250 A.2d 189 (1968). The finding of damages in the amount of $48,411.26 and the assumptions made by the trial court were erroneous.

■ The plaintiff requested the trial court to equitably revise the terms of the noncompetition agreement by extending the time period of the agreement. The term of the noncompetition agreement was a matter of contract between the parties. This Court will construe contracts but it will not make them for the parties. *Town of Troy* v. *American Fidelity Co.*, 120 Vt. 410, 418, 143 A.2d 469 (1958).

*Affirmed in part, reversed in part and remanded.*