# Horace H. Duke v. Margaret H. Duke

[442 A.2d 460]

No. 282-80

Present: Barney, C.J., Billings, Hill, Underwood, and Peck, JJ.

Opinion Filed February 2, 1982

*Cheney & Brock,* Montpelier, for Plaintiff.

*Samuel Perkins* of *Welch and Graham,* White River Junction, for Defendant.

**Underwood, J.** The court below refused to modify a divorce decree to require the plaintiff's former wife to pay him $13 per month in child support for each of their three children, who now reside with him. The plaintiff appeals that refusal.

The parties were divorced by a decree dated July 19, 1977. The order awarded joint custody, provided that the children would have their primary residence with the defendant, and required the plaintiff to make support payments of $13 a month per child.

That original order was twice modified. Each modification was, like the original decree, based upon a stipulation entered into by the parties. The first modification, contained in an order dated December 14, 1977, changed the primary residence of two of the children from the defendant to the plaintiff, and required him to pay $13 per month only for the child remaining with the defendant.

The primary residence of the one child remaining with the defendant was switched to the plaintiff by another modification dated March 16, 1979. This order also eliminated the plaintiff's obligation to pay any child support to the defendant, who now had none of the children. The stipulation and order of modification was silent as to any requirement that defendant make child support payments to the plaintiff. Her visitation rights, taken verbatim from the parties' stipulation, were as follows:

> During school summer vacations [the defendant] *may select* a period of six consecutive weeks to have a child or children reside with her; the children will retain their original primary residence for the balance of the vacation. (Emphasis added.)

The present case arose when the plaintiff petitioned the court below to modify the March 16, 1979, order to require the defendant to pay $13 per month for the support of each of the three children, who now live with him. He claimed that circumstances changed after the order was issued, warranting modification. The two items alleged to constitute changed circumstances were (1) his former wife had become employed since the order; and (2) she had moved into quarters so small that the children could not reside with her for the six-week summer period, thus increasing the financial burden on the plaintiff.

The court, in a memorandum decision, granted plaintiff's petition. After the defendant moved to amend the judgment and for findings of fact, the court reversed itself, vacated its order granting the requested modification, and denied plaintiff's petition. Plaintiff appeals this decision, claiming that the court's initial order was correct, and that it subsequently erred by reversing itself and denying his petition. Two arguments are advanced in support of his appeal.

First, plaintiff concedes here that defendant's employment long preceded the March 16, 1979, modification order, and the stipulation upon which it was founded. He argues now that her alleged failure to inform him that she had been working since 1977, coupled with his "reasonable" reliance on his belief that she was still on welfare, resulted in an unconscionable advantage to her, thereby justifying modification. *Porter* v. *Porter,* 137 Vt. 375, 406 A.2d 398 (1979); *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968).

This argument is raised for the first time on appeal. We will not reverse a lower court when a party's failure to raise some matter below denied the court an opportunity to consider it. *Cameron* v. *Cameron,* 137 Vt. 12, 15, 398 A.2d 294, 296 (1979). Thus we do not ordinarily consider issues raised for the first time on appeal. *Harrington* v. *Decker,* 134 Vt. 259, 261, 356 A.2d 511, 512 (1976).

Secondly, plaintiff repeats here his argument below that the defendant's move to smaller quarters made it impossible for the three children to stay with her for six weeks during the summer and thus increased his financial burden. This increased burden, the plaintiff argues, constitutes the substantial change of circumstances we require to trigger the court's jurisdiction to modify the original decree pursuant to 15 V.S.A. § 758. *Grant* v. *Grant*, 136 Vt. 9, 14, 383 A.2d 627, 630 (1978).

■ The court below found that the defendant's move was not such a change in circumstances because the order of March 16, 1979, does not require that she have the children reside with her at all. Rather, it merely permits her to have one or more of them visit if she so wishes. We agree, and therefor affirm.

■■ Our statutory law permits parties to a divorce action to negotiate for themselves the terms of their marriage dissolution. 15 V.S.A. § 553; *Clifford* v. *Clifford*, 133 Vt. 341, 344, 340 A.2d 60, 62 (1975). Thus we recognize "the underlying right of the parties to contract, subject to judicial approval, and to have their agreement honored under the ordinary rules of contract." *Porter* v. *Porter, supra,* 137 Vt. at 377, 406 A.2d at 400. Where the language is clear, the parties to a contract are bound by the common meaning of the words which they chose to express the content of their understanding. *Hackel* v. *Vermont State Colleges,* 140 Vt. 446, 452, 438 A.2d 1119, 1122 (1981); *Allen Engineering, Inc.* v. *Summit Realty Corp.,* 137 Vt. 535, 536, 409 A.2d 559, 559 (1979).

■ Since the parties' stipulation does not require the defendant to have one or more of the children stay with her at all, the possibility that the plaintiff would have to bear the full expense of housing the children year-round was present from the outset. The parties themselves negotiated the agreement which created this reasonably foreseeable possibility. Its subsequent occurrence does not constitute a changed circumstance, and the court below correctly found itself without jurisdiction to modify the March 16, 1979, order. See *Clifford* v. *Clifford, supra,* 133 Vt. at 345, 340 A.2d at 61–62.

*Affirmed.*