# Roy's Orthopedic, Inc. v. Ernest Lavigne

[454 A.2d 1242]

No. 126-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and
Daley, J. (Ret.), Specially Assigned

Opinion Filed December 14, 1982

*Perry & Schmucker,* South Burlington, for Plaintiff-Appellee.

*Niquette, Niquette & Associates,* Winooski, for Defendant-Appellant.

Hill, J. This is an appeal from an order enforcing a covenant not to compete and enjoining defendant from directly or indirectly competing with plaintiff, Roy's Orthopedic, Inc., within plaintiff's present service area for three years. Subsequent to the issuance of the order, defendant filed a timely notice of appeal. We reverse.

The facts as found by the trial court are as follows. From about November 1, 1974, through September 24, 1979, defendant was employed by plaintiff, a Vermont corporation in the business of designing and manufacturing orthopedic and prosthetic devices. In addition to Vermont, plaintiff also services territories within New York, Massachusetts and New Hampshire. Prior to April, 1975, defendant's employment was governed by an apprenticeship agreement executed on or about November 1, 1974, which enabled defendant to gain invaluable experience in the manufacture and fabrication of orthopedic and prosthetic devices.

In April of 1975, the plaintiff corporation underwent a change in ownership. One month later, in May of 1975, the new owners met individually with the employees and explained to each employee their desire to improve the staff capabilities by providing cross-training in various fabrication and fitting procedures. In addition, a plan was set forth to reimburse the employees for formal, off-premises education. In return, each employee was asked to execute an additional employment agreement which included a pay raise, as well as the following restrictive covenant against competitive employment:

> Upon the termination of his employment, whether by resignation, discharge, retirement or otherwise, [employee] shall not directly or indirectly, within any of the

territories presently served by corporation and those additional territories in which the [employee] knows the corporation intends to extend and carry on business by expansion of its present activities, enter into or engage in the sale, manufacture, construction or fitting of orthopedic braces, devices, or apparel for a period of three (3) years after the termination of employment thereunder.

Fearing that he was in danger of losing his job, defendant executed the above agreement on July 1, 1975. Thereafter, defendant received extensive in-house training, as well as a number of off-premises training courses, with the expenses of such courses being paid by plaintiff.

In September of 1979, defendant voluntarily left the employ of plaintiff and went to work for a competitor, Champlain Orthopedics. At his new job, defendant performed the same duties and serviced the same areas which he was responsible for while working for plaintiff. Moreover, defendant prepared the price list for his new employer and, in so doing, used the price list available to him during his tenure at Roy's Orthopedic as a guide. Of critical importance to the trial court was the fact that, at all material times, defendant knew that he was in direct competition with plaintiff within the same territory that he had previously worked.

Based upon the above findings, the trial court concluded that defendant had violated the terms of the noncompetition agreement and was threatening to continue such violation in the future. In addition, the court concluded that the restrictive covenant not to compete was reasonably limited with regard to time and place, and was reasonably calculated to protect the lawful business of plaintiff. Accordingly, defendant was enjoined from directly or indirectly engaging in the sale, manufacture, construction or fitting of orthopedic braces, devices, or apparel within plaintiff's present service area for three years.

On appeal, defendant raises several issues, the first of which relates to the restrictive covenant not to compete. Defendant asserts that the covenant fails in its entirety, since it constitutes an unreasonable restraint of trade as to both the time and area of restriction, thus exceeding what is reasonably necessary to protect plaintiff's business interests.

When this Court is asked to enforce restrictive covenants against competitive employment, we will proceed with caution, since such restraints "run counter to that public policy favoring the right of individuals to freely engage in desirable commercial activity." *Vermont Electric Supply Co.* v. *Andrus*, 132 Vt. 195, 198, 315 A.2d 456, 458 (1974) (citing *Cross-Abbott Co.* v. *Howard's, Inc.*, 124 Vt. 439, 444, 207 A.2d 134, 139 (1965)); see also *Dyar Sales & Machinery Co.* v. *Bleiler*, 106 Vt. 425, 432, 175 A. 27, 29 (1934). Thus, "[r]estrictions on doing business or on the exercise of an individual's trade or talent are subject to scrutiny for reasonableness and justification." *Vermont Electric Supply Co.* v. *Andrus*, *supra*, 132 Vt. at 198, 315 A.2d at 458. However, such agreements will be enforced "unless the agreement is found to be contrary to public policy, unnecessary for protection of the employer, or unnecessarily restrictive of the rights of the employee, with due regard being given to the subject matter of the contract and the circumstances and conditions under which it is to be performed." *Id.* (citing *Dyar Sales & Machinery Co.* v. *Bleiler*, *supra*, 106 Vt. at 434, 175 A. at 30).

In determining whether the noncompetition agreement is unduly restrictive of the rights of the employee, we must look to the restrictions imposed on time and place. The problem with the present case, however, is that the trial court neglected to make findings that relate to the extent of territory covered by the noncompetition agreement. Although the findings do indicate that plaintiff's business operations have extended to four states, they are completely devoid of any considerations regarding which territories within those four states are covered by the restrictions, or whether the intent of the agreement was in fact to prevent defendant from working within the entire four state area. Simply put, the trial court concluded that the restrictive covenant not to compete was reasonably limited to time and place without having made a finding as to what "place" was covered by the agreement.

When this Court is left in a position where it must speculate as to the basis upon which the trial court reached its decision, we will refuse to so speculate. *Fisher* v. *Poole*, 142 Vt. 162, 170, 453 A.2d 408, 412 (1982) (citing *Jensen* v.

*Jensen,* 139 Vt. 551, 553, 433 A.2d 258, 260 (1981)). A trial court must make findings of fact upon all material issues raised by the pleadings and evidence. *Id.* (citing *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.,* 134 Vt. 167, 170, 352 A.2d 676, 677 (1976)); see also V.R.C.P. 52(a). Since the trial court failed to provide the basis for its conclusion that the restrictive covenant not to compete was reasonable, the trial court's order must be reversed and the entire cause remanded for a new trial. As a result, further consideration of the other issues raised by defendant is unnecessary.

*Reversed and remanded for a new trial.*