# Dirk Douglass v. Skiing Standards, Inc., The Stratton Corp., Professional Freestyle Associates, Inc., and Dunfey Agency, Inc.

[459 A.2d 97]

No. 82-158

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*Allan R. Keyes* and *John J. Zawistoski* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendants-Appellees Skiing Standards, Inc., and Professional Freestyle Associates, Inc.

*David L. Cleary* and *John Paul Faignant* of *Miller, Norton & Cleary,* Rutland, for Defendant-Appellee The Stratton Corporation.

*James C. Gallagher* of *Downs Rachlin & Martin,* St. Johnsbury, for Defendant-Appellee The Dunfey Agency.

**Peck, J.** This is an appeal by plaintiff from an order of the Windham Superior Court granting motions for summary judgment filed by the defendants. V.R.C.P. 56. The action arose as the result of a skiing accident in which plaintiff suffered a permanently paralyzing spinal injury. We are asked to review only a single issue. Plaintiff asks: "Was summary judgment appropriately granted?" He argues it was not and alleges error. We disagree and affirm.

The essential facts are not in dispute. At the time of the accident, plaintiff was an experienced, professional freestyle skier. He entered a professional skiing competition held at the premises of the defendant Stratton Corporation, January 15–23, 1977. The event was organized by defendant Professional Freestyle Associates, Inc. Defendant Skiing Standards, Inc., was employed to oversee construction and maintenance of the facilities, and defendant Dunfey Agency, Inc., was to provide certain insurance covering the competition.

As a condition of entry plaintiff was required to sign an agreement which, defendants claim, released them as a matter of law from any liability to him for the injuries he received. The court below agreed with the defendants, concluding there was no material issue of fact to be resolved, and granted summary judgment.

The agreement signed by plaintiff is long but, as far as it goes, it is not, in our judgment, subject to being questioned as deceptive or misleading to the average layman. Nevertheless, plaintiff directs our attention to the fact that the agreement, which is headed with the capitalized word "RELEASE," followed by the cautionary "PLEASE READ CAREFULLY BEFORE SIGNING," does not anywhere employ the word "negligence." Therefore, he argues, the agreement is ambiguous as to the intent of the parties in the face of a charge of negligence. Plaintiff asserts this intent is an open and material question of fact which entitles him to a trial by jury.

■■ If plaintiff's claim that an uncertainty of intent exists is valid, his argument would have obvious merit, and indeed, ambiguity may be, like beauty, in the eye of the beholder. But when interpreting contracts prior to ruling on a motion for summary judgment, the trial court is not required to accept every remote construction or fantastic possibility of which ingenuity is capable, and elevate it to the level of an ambiguity. A word, phrase or clause in a contract may be commonly understood to mean the same as, or to include, others as well. *Lamoille Grain Co.* v. *St. Johnsbury & Lamoille County R.R.*, 135 Vt. 5, 8, 369 A.2d 1389, 1390 (1976). Therefore, it is not always necessary to indulge in a plethora of synonyms and redundancies in order to express the intent of the parties clearly.

■■ In the case before us the failure to include in the agreement, expressly and literally, the word "negligence," as being within the scope of the parties' intent, does not preclude other language from having that effect. *Id.; Zimmer* v. *Mitchell*, 253 Pa. Super. 474, 479, 385 A.2d 437, 439 (1978). We treat the question here as we would any other question of contractual construction: where the language is clear, the parties "are bound by the common meaning of the words which they chose to express the content of their understanding." *Duke* v. *Duke*, 140 Vt. 543, 546, 442 A.2d 460, 462 (1982). Moreover, "construction of the unambiguous provisions of a contract is done by the court *as a matter of law.*" *First Wisconsin Mortgage Trust* v. *Wyman's, Inc.*, 139 Vt. 350, 354, 428 A.2d 1119, 1122 (1981) (emphasis added). Finally, al-

though we agree with the plaintiff that because the agreement is exculpatory it must be construed strictly against the parties relying on it, we are not deprived thereby of the use of common sense in doing so. *Zimmer* v. *Mitchell, supra.*

It is not necessary to set forth the entire agreement as signed by the plaintiff. However, for purposes of examining the claim of ambiguity as it relates to negligence, it contains, among other significant exculpatory language, provisions under which plaintiff recognizes the dangers inherent in freestyle skiing, and assumes all risks of injury resulting from his participation in the skiing competition, including training and practice. He agreed "to release, hold harmless and forever discharge [defendants] from any and all claims, demands, liability, right or causes of action of whatsoever kind of [sic] nature which [plaintiff] may have, arising from or in any way connected with, any injuries, losses, damages, suffering . . . which" he might sustain as a result of his participation in the competition. Finally, he acknowledged that the agreement constituted a binding promise and a covenant on his part "to fully discharge [defendants] from any and all injuries or loss resulting from [his] participation."

█ We agree with defendants that reading the agreement in its entirety, including the excerpts quoted above, it is sufficiently clear to show the parties' intent that defendants were to be held harmless for any injuries or damages caused by their own negligence. *Lamoille Grain Co.* v. *St. Johnsbury & Lamoille County R.R., supra.* We hold also that this conclusion is correct as a matter of law, and there was, therefore, no genuine issue as to any material fact. Defendants were entitled to summary judgment. V.R.C.P. 56(c).

*Affirmed.*