## Roy's Orthopedic, Inc. v. Ernest Lavigne

[487 A.2d 173]

No. 83-277

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed January 4, 1985

*Robert J. Perry,* South Burlington, for Plaintiff-Appellant.

*Russell F. Niquette, Jr.,* and *Eugene J. Ward, III,* of *Niquette, Niquette & Associates,* Winooski, for Defendant-Appellee.

**Peck, J.** Plaintiff instituted this action to enjoin defendant, a former employee, from violating a restrictive covenant, contained in an employment contract between the parties, under which defendant agreed not to engage in competitive work for a period of three years following termination of his employment. Plaintiff did not seek money damages as it might have done, nor any relief other than the injunction. The trial court dismissed the action and plaintiff appealed. Based on the record transmitted to this Court, we have no choice but to affirm.

This matter is before us for the second time. See *Roy's Orthopedic, Inc.* v. *Lavigne*, 142 Vt. 347, 454 A.2d 1242 (1982). For that reason it is unnecessary to restate here, in any extended detail, the factual background that gave rise to the original proceedings below. It is set forth at length in our 1982 opinion; it is sufficient to summarize those facts briefly.

After executing the contract referred to above, and having received extensive on-the-job training, primarily at plaintiff's expense, defendant voluntarily left his employment without any prior notice to plaintiff on September 24, 1979, and commenced work with a competing firm owned in part by his wife. Defendant appealed to this Court from a judgment granting the injunction requested by the plaintiff, but the lower court stayed the injunction pending disposition of the appeal. Unfortunately for the plaintiff, in view of the time limitations of the contract, this Court found it necessary to reverse and remand for a new trial on the basis of inadequate findings by the trial court, a fault not attributable to either of the litigants.

There is little doubt that "the law's delay" has frustrated plaintiff's efforts to have its position finally adjudicated on the merits. It is clear from both sets of findings, those following the original proceedings, and those formulated after the second trial, that the court below was satisfied that defendant's conduct was a flagrant breach of his contract with his former employer.* However, regardless of the seeming validity of these conclusions, the trial court, and this Court on appeal,

---

* The inadequacy of the lower court's findings following the first trial related to an uncertainty as to the geographical area covered by the noncompetition clause. The findings which addressed the circumstances

must take the applicable law as we find it, however harsh the result.

The clause in the parties' contract prohibiting defendant from competitive employment became operative on September 24, 1979, when he ceased working for the plaintiff. By its express terms, the prohibition contained in the clause terminated three years later, that is, on September 24, 1982.

In its brief, plaintiff acknowledges that the courts cannot "equitably revise the terms of the noncompetition agreement by extending the time period of the agreement." *Vermont Electric Supply Co.* v. *Andrus,* 135 Vt. 190, 192, 373 A.2d 531, 532–33 (1977). The cited case had a fact pattern resembling the instant case insofar as a time limitation on the competitive employment prohibition was one of the issues. Following the quoted language, we added:

> The term of the noncompetition agreement was a matter of contract between the parties. This Court will construe contracts but it will not make them for the parties.

*Id.* at 192, 373 A.2d at 533 (citing *Town of Troy* v. *American Fidelity Co.,* 120 Vt. 410, 418, 143 A.2d 469, 474 (1958)). The courts must enforce contracts as they are written, *Sullivan* v. *Lochearn, Inc.,* 143 Vt. 150, 153, 464 A.2d 745, 747 (1983), and may not ignore their provisions. *Vermont State Colleges Faculty Federation* v. *Vermont State Colleges,* 141 Vt. 138, 144, 446 A.2d 347, 350 (1982). The law presumes that the parties meant, and intended to be bound by, the plain and express language of their undertaking. *Id.* Where the language of a contract is clear, as it is here, "the parties 'are bound by the common meaning of the words which they chose to express the content of their understanding.'" *Douglass* v. *Skiing Standards, Inc.,* 142 Vt. 634, 636, 459 A.2d 97, 98 (1983) (quoting *Duke* v. *Duke,* 140 Vt. 543, 546, 442 A.2d 460, 462 (1982)).

Plaintiff seeks to escape the strictures of these rules of con-

---

of defendant's termination of employment with plaintiff and his subsequent employment with a competitor were not faulted. *Roy's Orthopedic, Inc.* v. *Lavigne, supra,* at 350–51, 454 A.2d at 1244.

tract law for purposes of the instant case. The argument is made by the plaintiff that the court below had the power, not to extend the time limit, but to delay its commencement date. Based on this proposition as its major premise, plaintiff argues that the lower court abused its discretion in failing to do so. The attempt to justify this theory rests on V.R.C.P. 62(d), which provides in part:

> When an appeal is taken from [a] . . . final judgment granting . . . or denying an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond *or otherwise* as it considers proper for the security of the rights of the adverse party. (Emphasis added.)

Notwithstanding the subtlety of plaintiff's attempt to differentiate between extending the contractual time limit on the one hand, and postponing its commencement date on the other, the distinction is more apparent than real; it is a distinction based on semantics. The obvious reality remains: first, plaintiff's construction of the rule would permit the court below, or this Court on appeal, to make a new contract for the parties; we cannot accept such a construction. *Vermont Electric Supply Co.* v. *Andrus, supra.* The original contract, by its express terms, established the commencement of the time period as the date on which defendant's employment terminated. Plaintiff's proposal would change the commencement date, establishing a new date at odds with the clearly expressed intent of the contracting parties. Moreover, if plaintiff's interpretation of the rule is correct, its practical effect would be to extend the time limit, regardless of its nominal label.

Secondly, the interpretation of V.R.C.P. 62(d) urged by plaintiff would affect the substantive rights of the parties as determined by the contract between them. 12 V.S.A. § 1 provides that court rules "shall not abridge, enlarge or modify any substantive rights of any person . . . ." A court-ordered change in the commencement date would both enlarge the plaintiff's substantive rights under the contract and abridge those of the defendant. Thus, adopting plaintiff's interpretation would place V.R.C.P. 62(d) squarely in conflict with 12

V.S.A. § 1 and exceed our rule making authority. This we will not do.

 This opinion must not be construed as condoning the conduct of the defendant; on the record before us it constituted a clear and unconscionable breach of the contract. It is true that plaintiff might have sought money damages; however, the difficult, and perhaps virtually impossible task, of proving loss in actions for breach of noncompetition agreements has been recognized by this Court in *Vermont Electric Supply* v. *Andrus, supra,* at 192, 373 A.2d at 532. Nevertheless, plaintiff prepared the contract; the possible consequences of the delays inherent in litigation based on a breach of the noncompetition clause might have been provided for. It was not done and, as noted above, we must take the law as we find it. Accordingly, we are compelled to reject plaintiff's position that relief can be granted under V.R.C.P. 62(d). However, we do have the discretion to order that costs be taxed against the defendant even though he is the prevailing party (12 V.S.A. § 2131; V.R.A.P. 39(a)). Under the circumstances of this case, the majority of the Court is satisfied that considerations of justice and equity require that we make such an order.

*Affirmed; costs to be taxed against defendant.*

**Billings, C.J.,** concurring in part and dissenting in part. I concur in the opinion and entry, but dissent from the majority in assessing costs against the defendant in that pursuant to 12 V.S.A. § 2131, and V.R.A.P. 39(a), under normal circumstances if a judgment is affirmed costs are assessed against the appellant, or losing party. I see no equitable reason to deviate from the established and traditional statute and rule. I am authorized to state Mr. Justice Gibson joins in this opinion.