# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2053
Lower Tribunal No. 14-8131
_____


**Bath Fitter Franchising, Inc.,**
Appellant/Cross-Appellee,

vs.

**Fernand Labelle,**
Appellee/Cross-Appellant.


An appeal from a non-final order from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Isicoff, Ragatz & Koenigsberg, and Eric D. Isicoff and Carolina A. Latour and Teresa Ragatz, for appellant/cross-appellee.

Chepenik Trushin and Daniel F. Bachman, for appellee/cross-appellant.


Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Bath Fitter Franchising, Inc., a franchisor and independent operator specializing in the manufacture, sale, and installation of bathroom products, appeals a non-final order denying its emergency motion for a preliminary injunction against Fernand Labelle, formerly the owner of a minority interest in a Bath Fitter franchisee. Labelle cross-appeals the trial court's evidentiary ruling that a surreptitiously-recorded telephone conversation was inadmissible.

In the appeal, we find no error in the trial court's determination that the substantive law of Vermont was controlling, Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000), as specified in the franchise agreement. We also conclude that the trial court correctly applied the substantive law of Vermont in denying the motion for an injunction on multiple grounds. Roy's Orthopedic, Inc. v. Lavigne, 487 A.2d 173 (Vt. 1985).

In the cross-appeal, we find no abuse of discretion and affirm the trial court's exclusion of the surreptitiously-recorded telephone conversation. One of the parties was in Florida and unaware that the conversation was being recorded in Utah. We venture no opinion regarding the result if the recorded telephone conversation was offered in a court in Utah (which has a different statute requiring only one party's consent). In a Florida proceeding such as this, however, the recording and "evidence derived therefrom" are inadmissible (with limited exceptions inapplicable to this record). § 934.06, Fla. Stat. (2014).

Affirmed as to both the appeal and cross-appeal.