VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-129



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2023

Levi Davis\* v. Department of Corrections

}  APPEALED FROM:
}  Superior Court, Washington Unit,
}  Civil Division
}  CASE NO. 21-CV-03093
   Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the civil division's final order upholding the Department of Corrections' (DOC) case-staffing decision which imposed a two-year interruption of his furlough status. We affirm.

At all times relevant to this matter, petitioner has been in the custody and supervision of the DOC. In July 2021, following a series of furlough violations and a citation for impeding police officers, the DOC issued a notice to suspend petitioner's furlough based on a violation of Condition C1, which prohibited him from being cited for a new crime or committing any act punishable by law. Petitioner waived his due process hearing for the furlough violation. On the waiver form, he acknowledged that "I realize that by waiving my right to appear or have a hearing on this matter I am admitting that a preponderance of the evidence supports being found guilty of the alleged violation(s)."

Petitioner's violation was reviewed by the DOC's case-staffing committee in August 2021 to determine the appropriate length of the furlough interrupt. See 28 V.S.A. § 724(b), (d)(1) (providing for case-staffing review of furlough interruption based on "technical violation," meaning "a violation of conditions of furlough that does not constitute a new crime"). The committee reviewed some 300 pages of records, including those related to petitioner's criminal history and pending criminal charges, as well as his behavior while incarcerated and while out on furlough. It described the events related to his most recent furlough violation as follows:

> On March 4th, 2021 Mr. Davis was released on community supervision furlough after serving an interrupt for obtaining new charges while on furlough. On July 20th, 2021, Mr. Davis was lodged on a Notice of Suspension (NOS) for being cited with "Impeding" which is a felony. Prior to being lodged, he obtained several violations for failing to be available via telephone, not calling his PO back, and not reporting as directed. He was placed

on electronic monitoring and a curfew was imposed in response to the previous violations. He continued to pick up many violations for not abiding by curfew. Mr. Davis was about to be placed on house arrest-level 4 sanction for being out for the entire night of July 19th, 2021 into morning of July 20th, 2021. The police began to look for Mr. Davis in regard to a separate crime (felony-vandalism) that occurred early that morning which the GPS places him at. While [the] DOC and Rutland Police Department were attempting to locate Mr. Davis, a report was made that a man matching Mr. Davis's description had allegedly attempted to assault someone at a convenience store with a pipe. The suspect was covered in blood and intoxicated. Mr. Davis was located at residence [sic] .5 miles from the store, covered in blood and intoxicated. While police attempted to question him, Mr. Davis became belligerent and impeded the officer. Mr. Davis was taken into custody by Rutland Police Department and was processed. He was released to Community Correctional Officers who ultimately lodged him on the NOS for obtaining the new felony charge. Charges may still be filed in regard to the other mentioned incidents.

Based on petitioner's risk level and number of recent furlough violations, the committee recommended a two-year interrupt, which the DOC imposed. The committee explained its rationale as follows:

Mr. Davis has not been able to show consistency of compliance in the community. He has continued to pick up new charges, use substances, failed to adhere to treatment recommendation and conditions of supervision. He is a high-risk offender with significant needs that should be addressed to include mental health. Although [the] DOC continues to promote substance and mental health treatment, he has not engaged longer than a month before he quits. His movement patterns while on GPS suggest high risk behaviors with high-risk peers. Restrictive interventions (GPS) have been utilized, but even with the GPS on, he continues to violate supervision conditions and obtain new charges. Mr. Davis's behavior appears to be escalating.

Petitioner filed a complaint under Vermont Rule of Civil Procedure 74 in the civil division for review of the DOC's decision. See 28 V.S.A. § 724(c) (providing for de novo Rule 74 review of furlough-interruption decision, where appellant has burden to prove DOC abused its discretion). He argued that the interruption was excessive and violated due process because he had not been convicted of a new crime. The civil division conducted a trial where petitioner testified. In February 2022, based on petitioner's testimony and its independent review of the administrative record, the court issued a written order concluding that the DOC did not abuse its discretion and upholding the furlough interruption. The court declined to consider petitioner's argument that his furlough suspension violated his due process rights because it was based merely on being cited for a new crime and there were no affirmative findings or evidence that he committed a crime. The court reasoned that petitioner waived this contention by failing to raise

it during the case-staffing review, and that he could not raise it for the first time in a Rule 74 appeal to the civil division.

The court made findings of fact regarding petitioner's behavioral history largely consistent with the case-staffing decision, with thorough citations to the administrative record. It found that "[t]his was the fourth time since June of 2019 that [petitioner's] furlough or parole status in the community had to be interrupted for engaging in risky behavior" and being cited or charged with new crimes. The court found further that petitioner began engaging in risky behavior shortly after his most recent furlough release, and, despite his furlough officer "imposing a series of graduated sanctions, including curfews and electronic monitoring requirements, designed to attempt to control him in the community," petitioner ignored them and continued to engage in similar behavior until he was finally cited for impeding police while highly intoxicated and covered with blood. The court stated that the "DOC would have been justified in revoking [petitioner's] furlough status even if he had not been cited for a new criminal offense." It ultimately concluded that "[b]ased upon the record in this case, it was reasonable for DOC to conclude that [petitioner's] risk to reoffend could no longer be controlled in the community."

Petitioner filed a motion for relief from judgment, claiming, among other things, ineffective assistance of counsel. The court denied the motion as out of time because it was filed more than thirty days after the final order. Alternatively, the court denied the motion because petitioner's ineffective-assistance claim was based on his assertion that he never wanted the Prisoners' Rights Office to represent him in this matter, but petitioner failed to raise this issue prior to the final merits hearing and therefore waived it.

On appeal to this Court, petitioner raises numerous arguments.[*] He first contends that the DOC retaliated against him and violated his right to be free from cruel and unusual punishment and other civil rights after he appealed its decision. He goes on to describe the allegedly retaliatory actions. We do not consider this argument because we do not accept new evidence on appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record."). To the extent any of this evidence was part of the record below—and petitioner does not indicate that it was—he does not explain how the trial court erred in considering or weighing this evidence. See In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that it is appellant's burden "to demonstrate how the lower court erred warranting reversal" and that Supreme Court "will not comb the record searching for error").

Petitioner also renews his claim for ineffective assistance of counsel. He alleges various deficiencies in his counsel's representation, including that she failed to raise certain objections and legal arguments during trial. Assuming without deciding that there is a right to effective assistance of counsel in furlough-revocation appeals, we reject this claim because analyzing it would require reviewing the transcript of the merits hearing and petitioner chose not to order the transcript. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review.").

---

[*] Petitioner filed two different documents entitled "Appellant's Brief." The State has not moved to strike either filing. We will consider the two documents together as petitioner's principal brief.

3

Petitioner argues that the DOC abused its discretion because it deviated from its policy without a reason. But he does not identify which policy he believes the DOC deviated from, so we cannot assess this contention. We also decline to consider this argument because petitioner does not indicate whether or how he preserved this issue by presenting it to the trial court in the first instance. See V.R.A.P. 28(a)(4)(A) (stating that appellant's brief must indicate how issues were preserved for appeal); Follo v. Florindo, 2009 VT 11, ¶ 14, 185 Vt. 390 ("In general, issues not raised at trial are unpreserved, and this Court will not review them on appeal.").

Petitioner contends that the legal standard governing his furlough interruption must be struck down because it is so vague and involves so many factors that it violates the Due Process Clause, citing Cline v. Frink Dairy Co., 274 U.S. 445 (1927). Petitioner does not indicate whether and how he presented this argument to the trial court, or how it ruled on that issue, so we consider it unpreserved. See Duke v. Duke, 140 Vt. 543, 545 (1982) ("[W]e do not ordinarily consider issues raised for the first time on appeal."). Likewise, petitioner claims that the DOC "violated judicial process" by filing a motion to dismiss for lack of jurisdiction in the trial court, and asserts, in conclusory fashion, violations of his rights under the Sixth, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendments of the United States Constitution. Petitioner does not explain whether and how any of these arguments were preserved, so we do not consider them. Id. Even if they had been preserved, these arguments, most being one sentence long, are inadequately briefed. See Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (concluding that, even with "wider leeway" afforded pro se litigants, appellant's arguments failed to meet minimum standards for contents of appellant's brief required by V.R.A.P. 28(a) (quotation omitted)); see also V.R.A.P. 28(a) (providing that appellant's brief must identify and explain issues, setting forth reasoning of arguments, with appropriate citations to law and record).

Petitioner asserts that the trial court violated his constitutional rights to freedom of speech, access the courts, and petition the government for redress of grievances by not allowing him to speak regarding "alleged allegations" during the final merits hearing, even though he was represented by counsel. Assuming for the sake of argument that petitioner preserved these contentions by presenting timely objections to the trial court—which is not reflected by petitioner's appellate brief or otherwise evident from the record—we would be unable to assess these arguments because appellant failed to order a transcript of the hearing. V.R.A.P. 10(b)(1). To the extent petitioner contends that the court committed any other errors during the final merits hearing, we likewise reject those arguments because analyzing them requires a transcript. Id.

Petitioner additionally contends that the DOC erred by relying on criminal charges that were subsequently dismissed or dropped. He asserts that his due process rights are being violated because he remains incarcerated for charges that were ultimately dismissed. Petitioner misunderstands the nature of furlough-revocation proceedings and the applicable legal standards. As the trial court explained, the DOC may release an inmate on furlough if the inmate has served the minimum sentence and agrees to conditions that the DOC imposes. 28 V.S.A. § 723(a). To remain on furlough, the individual must "compl[y] with any terms and conditions identified by the [DOC]." Id. § 723(b). Where, as here, the DOC interrupts an individual's furlough status for a period greater than ninety days based on a "technical violation"—that is, a violation of furlough conditions that does not necessarily constitute a new crime—the individual has the right to appeal to the civil division under Civil Rule 74. 28 V.S.A. §§ 724(c)(1), (d)(1). "The appellant shall have the burden of proving by a preponderance of the evidence that the [DOC] abused its discretion in imposing a furlough revocation or interruption for 90 days or longer pursuant to subsection (d) of this section." Id. § 724(c)(1). Subsection (d) in turn provides in

4

relevant part that "[i]t shall be abuse of the [DOC's] discretion to revoke furlough or interrupt furlough status for [ninety] days or longer for a technical violation, unless . . . [t]he offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable." Id. § 724(d)(2)(A).

Contrary to petitioner's suggestion, the two-year interruption was not based on a finding of guilt for any crime; it was based on petitioner's undisputed violation of a condition of his furlough status and a conclusion that petitioner's risk to reoffend could no longer be controlled in the community through other means, in accordance with § 724. The trial court supported this conclusion with thorough findings of fact, which were based on ample evidence of petitioner's risky behavior, ineffective attempts at controlling petitioner's behavior with GPS monitoring and curfews, and numerous recent furlough violations. See Kneebinding, Inc. v. Howell, 2018 VT 101, ¶ 26, 208 Vt. 578 ("We will uphold the trial court's legal conclusions when they are reasonably supported by the factual findings and the court has applied the correct legal standard." (quotation omitted)); id. (explaining that factual findings will not be overturned unless "there is no reasonable or credible evidence to support them" (quotation omitted)). In any event, the civil division reasonably concluded that the "DOC would have been justified in revoking [petitioner's] furlough status even if he had not been cited for a new criminal offense." Insofar as petitioner challenges the weight that the court assigned to certain evidence or its determinations of credibility, we reject those arguments because they are outside of our purview. Mullin v. Phelps, 162 Vt. 250, 261 (1994) (explaining that role of Supreme Court in reviewing findings of fact is not to reweigh evidence or to make findings of credibility de novo). Petitioner has provided no basis to disturb the civil division's findings or conclusions.

To the extent that petitioner attempts to renew the due process argument he raised below—that a furlough interruption cannot be based solely on a citation for a new crime without affirmative evidence of criminal activity—he does not challenge the trial court's ruling that he waived it, so we decline to consider it. S.B.L., 150 Vt. at 297 (noting that appellant has burden to show how trial court erred). We have considered all of the arguments discernible in petitioner's brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice