Filed 12/19/24

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02035

---

Simple Route, LLC v. Robert Webb et al

---

## DECISION ON MOTION FOR SUMMARY JUDGMENT

Defendants Mark O'Kane and Robert Webb were employees of Plaintiff Simple Route, LLC. Following their termination, each eventually went to work for Defendant Symquest Group, Inc. Simple Route brought this action, seeking enforcement of a non-compete provision contained in each of their employment agreements. All Defendants move for summary judgment. The court grants the motion.

The material facts are few, and all undisputed. In connection with their employment by Simple Route, Mr. O'Kane and Mr. Webb both signed a "Non-Disclosure, Non-Compete, and Non-Solicitation Agreement." That agreement provided, in pertinent part,

> Employee agrees and covenants that because of the confidential and sensitive nature of the Confidential Information and because the use of, or even the appearance of the use of, the Confidential Information in certain circumstances may cause irreparable damage to Company and its reputation, or to clients of Company, Employee shall not, until the expiration of one year after the termination of the employment relationship between Company and Employee, engage, directly or indirectly, or through any corporations or associates in any business, enterprise or employment which is directly competitive with Company.

Simple Route terminated Mr. O'Kane's employment on September 22, 2021. It terminated Mr. Webb's appointment on August 3, 2022. Mr. O'Kane hired on with Symquest on February 7, 2022; Mr. Webb did the same on October 3, 2022. Soon thereafter, Simple Route discovered that the two had joined Symquest; it sent Symquest a letter informing it of the non-compete agreements. On May 4, 2023, Simple Route initiated this proceeding, seeking injunctive relief against all three Defendants and attorney's fees against Mr. O'Kane alone.

Now over 18 months later, Simple Route admits that it has no evidence that SymQuest has taken a single customer from Simple Route since Webb and O'Kane were terminated. Equally, it admits that it has no evidence that either Webb or O'Kane has made any effort to persuade any of Simple Route's customers to move their business to SymQuest. It further admits that it has no evidence that either Webb or O'Kane used any "trade secrets in their head" from Simple Route on behalf of

SymQuest, or relatedly, that SymQuest used anything Simple Route would consider trade secrets or confidential information on SymQuest's behalf. In short, Simple Route admits that it is unaware of any direct or indirect damages caused by any of Defendants.

On these facts, Simple Route's complaint fails as a matter of law. The contract between Simple Route and each of its former employees provides clearly that any non-compete obligation expires "one year after the termination of the employment relationship." In Mr. O'Kane's case, that period had ended well before Simple Route filed this suit; in Mr. Webb's case, it ended over a year ago. There is thus no non-compete obligation left to enforce.

Simple Route argues nonetheless that each of Messrs. O'Kane and Webb breached their promise not to enter into employment with a competitor "until the expiration of one year after the termination of the employment relationship between the Company and Employee"; it cannot be, then, that "Plaintiff has no remedy because they kept their breach concealed." Mem. of Law in Opp'n to Mot. for Summ. J., 3. The answer to this argument is simple: while Simple Route may yet have a remedy, that remedy lies in damages, which it has neither pleaded nor proven. In this regard, the decision in *Roy's Orthopedic, Inc. v. Lavigne* is instructive:

> It is true that plaintiff might have sought money damages; however, the difficult, and perhaps virtually impossible task, of proving loss in actions for breach of noncompetition agreements has been recognized by this Court in *Vermont Electric Supply v. Andrus*, [135 Vt. 190, 192 (1977)]. Nevertheless, plaintiff prepared the contract; the possible consequences of the delays inherent in litigation based on a breach of the noncompetition clause might have been provided for. It was not done and, as noted above, we must take the law as we find it.

145 Vt. 324, 328 (1985).

Indeed, that decision compels the result here. In that case, much as here, the plaintiff filed suit

> to enjoin defendant, a former employee, from violating a restrictive covenant, contained in an employment contract between the parties, under which defendant agreed not to engage in competitive work for a period of three years following termination of his employment. Plaintiff did not seek money damages as it might have done, nor any relief other than the injunction.

*Id.* at 325. The restricted period having passed, the former employer argued, much as Simple Route suggests here, that the trial court "had the power, not to extend the time limit, but to delay its commencement date." *Id.* at 327. The Supreme Court rejected the argument:

> The obvious reality remains: first, plaintiff's construction of the rule would permit the court below, or this Court on appeal, to make a new contract for the parties; we cannot accept such a construction. *Vermont Electric Supply v. Andrus*, [135 Vt. at 192.] The original contract, by its express terms, established the commencement of the time period as the date on which defendant's employment

terminated. Plaintiff's proposal would change the commencement date, establishing a new date at odds with the clearly expressed intent of the contracting parties.

*Id.*

Those teachings apply with full force here. Here, as in *Roy's Orthopedic*, the contracts between Simple Route and each of Messrs. O'Kane and Webb established the commencement of the non-compete period as the termination of employment. Here, as there, Simple Route asks the court to change that commencement date. Thus, here as there, the court is bound to deny that request. *Cf. Vermont Electric Supply Co. v. Andrus*, 135 Vt. 190, 192 (1977) ("The term of the noncompetition agreement was a matter of contract between the parties. This Court will construe contracts but it will not make them for the parties.").

Simple Route's answer to these teachings is no answer at all. While conceding that construction of a contract is a matter of law for the court, it argues that "[t]he language of Mr. O'Kane's and Mr. Webb's non-compete undertakings differ significantly from that in *Roy's Orthopedic*." Mem. of Law in Opp'n to Mot. for Summ. J., 3. The supposed difference is that in *Roy's Orthopedic*, "[b]y its express terms, the prohibition contained in the clause terminated three years later, that is, on September 24, 1982," *id.* at 4 (quoting *Roy's Orthopedic*, 145 Vt. at 326), while "[t]he agreements signed by Mr. O'Kane and Mr. Webb do not contain express termination dates," *id.* Bluntly, the record in *Roy's Orthopedic* belies this assertion . A quick read of the Supreme Court's earlier decision in that case confirms that the non-compete agreement there was virtually identical, in expressing the term of restriction, to the agreements here:

> Upon the termination of his employment, whether by resignation, discharge, retirement or otherwise, [employee] shall not directly or indirectly, within any of the territories presently served by corporation and those additional territories in which the [employee] knows the corporation intends to extend and carry on business by expansion of its present activities, enter into or engage in the sale, manufacture, construction or fitting of orthopedic braces, devices, or apparel **for a period of three (3) years after the termination of employment** thereunder.

*Roy's Orthopedic, Inc. v. Lavigne*, 142 Vt. 347, 348–49 (1982) (emphasis added).

The conclusion is therefore inescapable that by the plain terms of their contracts, each of Mr. O'Kane's and Mr. Webb's prohibitions against competitive activities were in effect only "until the expiration of one year after the termination of the employment relationship." In Mr. O'Kane's case, as noted above, that period expired well before this suit was filed; in Mr. Webb's, more than a year before now. In either event, there is no restriction left to enforce. This conclusion obviates the necessity of traversing Defendants' remaining attacks on the non-compete provision.

As noted above, Simple Route has neither pleaded nor proven damages. Thus, the foregoing conclusion leaves only Simple Route's claim for attorney's fees against Mr. O'Kane. This claim rests on a provision in Mr. O'Kane's Severance Agreement: "Employee agrees to pay any and all attorney fees incurred by Employer if it has to resort to legal proceedings to enforce any provisions of this Agreement." The simple and obvious answer here is that by the time Simple Route initiated legal proceedings, there was nothing left to enforce; the claim, at least as pleaded, was stillborn, and would not have survived a motion to dismiss. An award of attorney's fees under these circumstances would contravene the well-established principle that "[f]or purposes of an award of attorney's fees under Vermont law, the touchstone is reasonableness." *Perez v. Travelers Ins.*, 2006 VT 123, ¶ 13, 181 Vt. 45. Bluntly, it cannot have been reasonable to incur a single dollar of attorney's fees on a claim that was facially meritless. Indeed, had Mr. O'Kane properly invoked Rule 11, it might well be he who would be entitled to an award of attorney's fees. Mr. O'Kane having foregone that route, it suffices for the court to state that it is unwilling to reward Simple Route's pursuit of its claims against him.

## ORDER

The court grants the Motion for Summary Judgment; as any attempt at this time to amend the complaint to assert a claim for damages would be denied as dilatory and futile, judgment will enter for Defendants. The pending Motion to Compel, accordingly, is moot. As the prevailing parties, Defendants are entitled to recover their costs; they shall submit their verified bill of costs within 14 days.

Electronically signed pursuant to V.R.E.F. 9(d): 12/19/2024 11:15 AM

_____
Samuel Hoar, Jr.
Superior Court Judge