## Allen Engineering, Inc. v. Summit Realty Corporation

[409 A.2d 559]

No. 318-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*Theodore S. Mandeville, Jr.,* of *Crowley, Banse & Kenlan,* Rutland, for Defendant.

**Per Curiam.** Plaintiff, under contract dated April 30, 1976, began constructing a swimming pool and patio at defendant's motel. On July 7, 1976, the parties realized that the pool and patio area were not large enough, and executed a new contract for a different shaped pool and larger patio, at an increased price. This later contract provided:

> This contract supersedes all verbal and written agreements prior to July 7, 1976. This contract contains any and all agreements between the two parties.

A later agreement for changes referred to the July 7 agreement and to no other.

■ After a dispute arose over construction methods, plaintiff ceased work, sued, and was awarded damages for work completed. The trial court excluded evidence of claimed defects in performance of the April 30 contract, either in offset or counterclaim, and defendant assigns error to this refusal. We disagree and affirm the judgment for the plaintiff.

■ The quoted language could not be clearer. The April 30 contract was superseded, and all agreements between the parties were incorporated in the July 7 contract. The parties are bound by the common meaning of their words where the language is clear. *Lamoille Grain Co.* v. *St. Johnsbury & Lamoille County R.R.*, 135 Vt. 5, 8, 369 A.2d 1389, 1390 (1976); *Dunsmore* v. *Co-operative Fire Insurance Association*, 131 Vt. 14, 17, 298 A.2d 853, 855 (1972). Extraneous circumstances will not be permitted to alter the parties' understanding embodied in their language. *Cross-Abbott Co.* v. *Howard's, Inc.*, 124 Vt. 439, 441, 207 A.2d 134, 137 (1965). Had either party desired to reserve any rights under the April 30 contract, it could have done so expressly.

*Judgment affirmed.*