**Karlen Communications, Inc. v. Mt. Mansfield Television, Inc.**

[433 A.2d 290]

No. 148-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

Motion for Reargument Denied June 18, 1981

*Davison & Wright, P.C.,* Stowe, for Plaintiff.

*Sheehey & Brue,* Burlington, for Defendant.

Billings, J. The plaintiff-appellant Karlen Communications, Inc., filed this declaratory judgment action in the Lamoille Superior Court in order to determine if a certain agreement entered into with the defendant-appellee Mt. Mansfield Television, Inc., was still in existence or if it had been cancelled. After hearing, the trial court declared that the agreement had been cancelled. The plaintiff appeals from this order.

On November 18, 1977, the parties agreed that the plaintiff could install, maintain and operate certain microwave equipment on an existing stub mast and in a transmitter

building owned by the defendant and located on land atop Mt. Mansfield that the defendant leases from the University of Vermont. The term of the agreement was to be five years beginning on the date the installation was completed. It provided, in part, as follows:

3. It is a condition of this lease that the term hereof will commence within one year from the date first above written. Failure to effectuate the anticipated service within the one year period will be cause for cancellation of this agreement.

. . . .

15. Remedies.

. . . (2) if the Licensee shall default in the performance or observance of any of the other agreements or conditions in this lease contained on its part to be performed or observed . . . Mansfield may lawfully, immediately, or at any time thereafter and without further notice, enter into and upon the demised premises, or any parts thereof, in the name of the whole, and repossess the same as of its former estate and expel the Licensee and those claiming through or under it and remove its effects without being deemed guilty of any manner of trespass, and, upon entry as aforesaid, the Licensee's estate shall end and this lease shall be terminated; all the foregoing without prejudice to any remedies which might otherwise be used for arrears of rent or preceeding breach of covenant. Provided, however, that Mansfield shall have no right of entry or of terminating the lease for default under [item] (2) above until ten (10) days after it shall first have given written notice of such alleged default and the Licensee shall have failed to have cured such default within such ten (10) day period.

The agreement was in effect an agreement to enter into a lease if certain conditions were met. The plaintiff was delayed in obtaining a conditional use permit because of several appeals that were taken in relation to the granting of the permit. On three separate occasions in the summer and fall of 1978, the plaintiff contacted the defendant and requested that the one year commencement be modified to extend to two years. On each occasion the defendant advised the plaintiff that it would not modify this requirement. On August 21,

1979, the defendant gave the plaintiff written notice of cancellation of the agreement.

On appeal the plaintiff claims that the trial court erred in concluding that the defendant formally cancelled the lease agreement by letter August 21, 1979, and in ruling that the doctrine of impossibility of performance did not apply.

Under the plain terms of paragraph 15 of the agreement, the plaintiff was entitled to ten days' written notice of any alleged default, and the plaintiff had that period of time to cure such default. When the language of an agreement is clear, the intention and understanding of the parties must be taken to be that which the agreement declares. *In re Stacey*, 138 Vt. 68, 71, 411 A.2d 1359 (1980); *Allen Engineering, Inc.* v. *Summit Realty Corp.*, 137 Vt. 535, 536, 409 A.2d 559 (1979); *Lamoille Grain Co.* v. *St. Johnsbury & Lamoille County Railroad*, 135 Vt. 5, 8, 369 A.2d 1389 (1976). The language of the agreement here is in plain, clear and precise terms, and the parties are bound by the common meaning of their words. *Allen Engineering, Inc.* v. *Summit Realty Corp., supra.* The agreement clearly provides that if the installation is not complete within the period provided it "will be *cause for cancellation* of this agreement." (Emphasis added.) The cancellation of the agreement to enter the lease was not automatic. Under the provisions of paragraph 15 of the agreement, the defendant had an obligation to notify the plaintiff in writing of the defendant's intention to terminate the agreement, giving plaintiff ten days to cure any default. The defendant failed to do this. The trial court's judgment cannot stand, as it is based on the erroneous conclusion that defendant's letter of August 21, 1979, cancelled the agreement.

In view of our disposition of the first claim of error, we do not reach the remaining claim of error.

*Reversed and remanded for an entry of judgment consistent with the views expressed herein.*