Roberta J. Hackel v. Vermont State Colleges

Louise Esiason v. Vermont State Colleges

Joseph Whelan v. Vermont State Colleges

James Vize v. Vermont State Colleges

Stephen Butterfield v. Vermont State Colleges

[438 A.2d 1119]

Nos. 204-80 through 208-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed December 1, 1981

*Dick, Hackel & Hull*, Rutland, for Plaintiffs.

*Paul K. Sutherland* of *Doremus, Congleton & Jenkins*, Essex Junction, for Defendant.

**Underwood, J.** Vermont State Colleges (VSC) includes in the aggregate Castleton, Johnson and Lyndon Colleges and Vermont Technical College. Five faculty members of VSC were granted tenure or promotion by their respective college presidents. The Chancellor of VSC recommended that the VSC Board of Trustees (Trustees) overrule the action taken by the respective college presidents. The Trustees complied, voting to deny tenure and promotion in each case. The five faculty members, in a consolidated grievance procedure, contested the action taken by the Trustees. Their grievance culminated in a decision in their favor by the Vermont Labor Relations Board (Board). The Board found that the collective bargaining agreement (Agreement) between VSC and the Vermont State Colleges Faculty Federation empowered the presidents of each of the colleges to make the final decision as to tenure or promotion for his faculty members, and granted the grievants' motion for summary judgment.

VSC appeals to this Court. It argues that the Board's decision was erroneous because: (1) The Trustees are prevented by law from participating in collective bargaining on the issues of tenure and promotion and therefore could not have bargained away the authority they held prior to the signing of the Agreement; (2) Notwithstanding, the Agreement itself explicitly reserved to the Trustees the authority to make final

determinations about tenure and promotion; (3) If, on the other hand, the Agreement does not explicitly reserve such final authority to the Trustees, the Agreement at best is ambiguous on this point, justifying recourse to evidence of past practices of the parties. Such extrinsic evidence, VSC argues, would demonstrate that both sides intended the Trustees to have final authority; and (4) If the final authority was in fact delegated to the presidents of each college by the Trustees, it can be unilaterally rescinded by the Trustees anytime while the Agreement is in force.

Each of these arguments is a different approach to the central issue in this appeal: Who is to apply the relevant tenure and promotion criteria in particular cases and make the final determination as to whether a faculty member will be promoted or tenured. We address these arguments seriatim, and conclude on these facts that final authority to promote and grant tenure is lodged in the presidents of the member colleges.

I.

■ The State Employee Labor Relations Act requires collective bargaining on "[a]ll matters relating to the relationship between the employer and employees . . . except those matters which are prescribed or controlled by statute." 3 V.S.A. § 904(a). Neither party contends that tenure and promotion are unrelated to the employer-employee relationship. Tenure and promotion are therefore subject to collective bargaining unless a statute provides otherwise.

■ The burden is on VSC to support its claim that Vermont law prevents the Trustees from bargaining on these two issues by "demonstrating the existence of a specific statutory provision which circumscribes" their power to bargain on these issues. *Danville Board of School Directors* v. *Fifield*, 132 Vt. 271, 275, 315 A.2d 473 (1974). VSC has failed to meet this burden.

16 V.S.A. § 2174 lists the specific powers of the Trustees over and above the authority they hold as directors of a corporation. One of its two sentences is permissive; the other is mandatory. The latter requires the Board to make "by-laws and regulations for the government of . . . each institution

under its control." 16 V.S.A. § 2175 provides: "The by-laws shall contain regulations concerning tenure for the teaching faculty and terms of employment for other members of staff . . . ."

No such by-laws were submitted in connection with the stipulation on file, however, and none appear of record.

VSC points instead to the permissive portion of 16 V.S.A. § 2174, which it says declares the Trustees "shall have the power, *inter alia,* to appoint necessary officers for each institution under its control, professors and instructors and any other necessary members of staff and to prescribe their duties, salaries and terms of office."[1] In fact, however, the statute says that the Trustees "*may* . . . appoint . . . and prescribe." (Emphasis supplied.) 16 V.S.A. § 2174.

This Court has recently held that even 16 V.S.A. § 2174's mandatory grant of authority to the Trustees does not preclude bargaining over all aspects of the power granted. *Vermont State Colleges Faculty Federation* v. *Vermont State Colleges,* 138 Vt. 451, 456–57, 418 A.2d 34 (1980). In that case, VSC had refused to bargain over a proposal to give faculty assemblies at each college a right to be consulted before the administration exercised its final authority on academic matters and made major policy decisions. We held that "[t]his statutory grant to the trustees of the authority to determine these subjects is not inconsistent with the idea of bargaining about whether and by what process the faculty will be given an opportunity to advise the board of trustees of its views on these issues." *Id.*

The permissive section of 16 V.S.A. § 2174 implicates matters "which form the very heart of the collective bargaining process." *Id.* at 457. "We think it plain that the exception dealing with matters prescribed or controlled by statute under 3 V.S.A. § 904(a) precludes collective bargaining only where the outcome of any negotiations has been statutorily predetermined or expressly committed to the discretion of one party." *Id.* The Legislature did neither merely by providing that the Trustees "may . . . appoint . . . professors . . .

---

[1] Appellant's brief, 12–13, quoting 16 V.S.A. § 2174.

and prescribe their duties, salaries and terms of office." Thus we must conclude that this issue is properly bargainable.

## II.

We now turn to VSC's claim that the collective bargaining Agreement explicitly reserves to the Trustees the power to make final determinations as to tenure and promotion. On this issue, VSC relies on the language concerning management rights appearing in Article 6 of the Agreement:

> The parties agree that all the rights and responsibilities of the Vermont State Colleges which have not been specifically provided for in this Agreement are retained in the sole discretion of Vermont State Colleges and shall include but not be limited to . . . the right . . . to hire, promote, grant tenure . . . .

The parties, in their arguments before this Court, and the Board, in its decision, seem to assume that vesting final authority to grant tenure and promotion in the presidents of each college is a derogation of the management rights retained by VSC in Article 6. Therefore the five faculty members argued, and the Board held, that Article 6 does not control because other provisions, "specifically provided," put limits on VSC's rights to hire, promote and grant tenure. VSC, on the other hand, vehemently contends that the presidents of the respective colleges cannot have been given such final authority because those rights were specifically reserved.

We are not persuaded by either line of reasoning. Article 3, the definitions section of the Agreement, says, "The term 'Vermont State Colleges' refers collectively to the Board [of Trustees], the Chancellor, *and the Colleges.*" (Emphasis supplied.) "President" is defined, in the same article, as "the chief executive officer of a College or a person acting in that capacity, duly appointed and authorized by the Board." So it is readily apparent that a final decision by the president of one of the colleges is in fact an undiluted management decision by Vermont State Colleges.

Our reading of the entire Agreement convinces us that the Board was clearly correct in holding that the contract re-

quires college presidents to make the final decisions about who will be promoted or granted tenure. Though the Board was incorrect in holding that the grant of such authority to the college presidents was a derogation of management rights, it reached the right result. We will not disturb a decision which arrives at the right result just because it traveled the wrong path. *Gilwee* v. *Town of Barre*, 138 Vt. 109, 111, 412 A.2d 300 (1980).

## III.

Our construction of the Agreement is based on its clear and unambiguous language. The parties are bound by the common meaning of their words where the language is clear, and extrinsic evidence under such circumstances is inadmissible as it could alter the understanding of the parties embodied in the language they chose to best express their intent. *Allen Engineering, Inc.* v. *Summit Realty Corp.*, 137 Vt. 535, 536, 409 A.2d 559 (1979). See also *Nzomo* v. *Vermont State Colleges*, 136 Vt. 97, 102, 385 A.2d 1099 (1978). So we do not address VSC's contention that the parties' past practices indicate their belief that the Trustees had the last say. We note only that the Board found the past practices clearly indicated that the presidents' determinations were final.

## IV.

VSC's final argument, that the delegation of authority to the presidents can be unilaterally rescinded by the Trustees, depends upon a delegation having occurred. We find none. Tenure and promotion are "matters relating to the relationship" between VSC and the faculty. Since no statute forbids a negotiated agreement on the issue here involved, 3 V.S.A. § 904(a) requires the Trustees to bargain. Failure to do so would be an unfair labor practice. 3 V.S.A. § 961(5). The Trustees did bargain and negotiated a binding contract as they are empowered to do. 11 V.S.A. § 2352(8). During its lifetime, a collective bargaining agreement "shall not be subject to cancellation . . . except with the mutual consent in writing of both parties." 3 V.S.A. § 982(a).

We conclude that VSC is bound by the terms of the Agreement and may not unilaterally alter it.

Our decision today, however, does not prevent the Trustees from promulgating qualitative criteria, setting numerical limits, or otherwise limiting promotion or tenure. 16 V.S.A. §§ 2174, 2175. We hold only that the Agreement requires that the standards promulgated by the Trustees are to be applied in a particular case by the college presidents, whose determinations are to be final.

*Affirmed.*