### Lawrence A. Littlefield v. Department of Employment and Training

[468 A.2d 566]

No. 82-323

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 1, 1983

*Lawrence A. Littlefield*, pro se, Island Pond, Plaintiff-Appellant.

*Matthew R. Gould*, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an appeal by plaintiff from a decision by the Vermont Employment Security Board (Board) reducing his unemployment compensation benefits to two dollars per week. We affirm.

This action began as a claim by plaintiff for unemployment compensation benefits. At the time of his application for benefits he was receiving a monthly pension of $1,153.00, fifty percent of which was contributed by him during the course of his former employment. The decision of the Board, upholding an earlier decision of the Unemployment Compensation Division, reduced his benefit amount of $135.00 by $133.00, "the prorated weekly amount of [his] pension after the deduction of the percentage of [his] contribution" thereto in accordance with 21 V.S.A. § 1344(a)(5)(E)(i). Appellant argues that 21 V.S.A. § 1344(a)(5)(E)(iii) should have been applied instead. That section of the statute provides that unemployment benefits shall *not* be reduced if "the entire contributions to the [pension] plan were provided by such individual."

Plaintiff contends that pension payments he receives for the first three years after retirement should be considered as consisting entirely of his contributions in the same manner provided for in the federal tax code. Section 72(d)(1) of the Internal Revenue Code, the so-called "three-year rule," essentially provides that, where the aggregate contributions to an employee annuity plan by an employer are greater than those made by the employee, and the employee will recover an amount equal to his entire contribution to the plan within three years, that amount will not be included in gross income. Appellant maintains that 100% of his contributions to his pension will be recovered in twenty months. He reasons, there-

fore, that because qualified pension payments for the first three years are considered to consist entirely of his contributions by both the Internal Revenue Service and the Vermont Department of Taxes, they should be similarly treated by the Department of Employment and Training.

We are unable to agree with appellant's position. The unemployment statutes and the tax laws have been enacted for different purposes; they are not in pari materia, but parts of entirely different statutory systems. There is no basis for construing one in the light of the other, particularly since the meaning of 21 V.S.A. § 1344 (a) (5) (E) (i) is clear on its face.

The purpose of the federal and state tax laws is to provide revenue for the support of the government. U.S. Const. Art. 1, § 8, cl. 1; *F. W. Woolworth Co.* v. *Commissioner of Taxes*, 130 Vt. 544, 549, 298 A.2d 839, 842 (1972), *appeal after remand*, 133 Vt. 93, 328 A.2d 402 (1974). On the other hand, we held in *Riddel* v. *Department of Employment Security*, 140 Vt. 82, 86, 436 A.2d 1086, 1088 (1981), that "the underlying purpose of the [Unemployment Compensation] Act is to alleviate the economic disability and distress which results from involuntary unemployment."

Because of the distinctly different purposes of the two statutory schemes, and the unambiguous language of 21 V.S.A. § 1344 (a) (5) (E) (i), we cannot agree with appellant's interpretation of the law. Moreover, if plaintiff considers the law unfair, as he claims, the remedy lies with the legislature, not this Court. The decision of the Employment Security Board must be affirmed.

*Affirmed.*