**Vermont Camping Association and Camp Winape v. Department of Employment and Training**

[497 A.2d 353]

No. 83-453

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 17, 1985

*Michael H. Lipson,* Toledo, Ohio, and *Dorsch & Hertz,* Brattleboro, for Plaintiff-Appellant.

*Matthew R. Gould* and *John DeLosa,* Montpelier, for Defendant-Appellee.

**Hill, J.** The petitioners, the Vermont Camping Association, Inc. (VCA) and Camp Winape, appeal from a decision rendered by the Vermont Employment Security Board (Board) on a petition for a declaratory ruling. The petitioners requested the Board to declare that they were relieved from any and all liability for unemployment compensation contributions on the cash value of meals and lodging provided to summer camp staff

members. The Board denied the petitioners' request. We affirm.

The parties presented the Board with a stipulation of facts on which to base its decision. The Board was to determine whether the cash value of the food and lodging provided to the summer camp staff members constituted "wages" as defined in 21 V.S.A. § 1301(12). This statute, in pertinent part, defines "wages" for the purpose of unemployment compensation contributions as "all remuneration paid for services rendered by an individual, including . . . the cash value of all remuneration paid in any medium other than cash." Based on this definition, the Board concluded that "unless and until it is clearly shown that something of monetary value given to an employee has no compensatory aspect, it will for purposes of Vermont's unemployment compensation law be considered 'wages.' " The Board then determined that based on the stipulation of facts before it, it could not find that the provision for meals and lodging contained no compensatory aspect and, therefore, it denied petitioners' request.

Petitioners' first claim on appeal is that the Board erred in determining that wages includes anything of value provided to an employee in exchange for services unless the provision of the benefit has "no compensatory aspect." The petitioners argue that the definition of wages in 21 V.S.A. § 1301(12) is substantially similar to the definition of wages in the Federal Unemployment Tax Act (FUTA). 26 U.S.C. § 3306(b). Thus, they claim the definition should be given the same meaning it has under federal law. Under federal law, the United States Supreme Court has held that the definition of wages for federal unemployment tax purposes is "to be interpreted in the same manner . . . as for income-tax withholding." *Rowan Cos., Inc. v. United States,* 452 U.S. 247, 263 (1981). Thus, since benefits such as meals and lodging provided "for the convenience of the employer," in most situations, do not constitute income, 26 U.S.C. § 119 (1976 ed. & Supp. III), they likewise, under the FUTA, do not constitute wages. *Rowan, supra,* 452 U.S. at 263; 26 U.S.C. § 3306(b).

The Board, in its decision, declined to adopt the federal interpretation of the definition of wages. Instead, it based its determination on the plain language of the statutory definition. 21 V.S.A. § 1301(12).

As we have stated before, "absent compelling indication of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal." *In re Vermont Health Service Corp.,* 144 Vt. 617, 622–23, 482 A.2d 294, 297 (1984), *quoted in In re Spear Street Associates,* 145 Vt. 496, 502, 494 A.2d 138, 142 (1985). Furthermore, we have noted that the unemployment statutes and the tax laws were enacted for different purposes. "[T]hey are not in pari materia, but parts of entirely different statutory systems. There is no basis for construing one in the light of the other . . . ." *Littlefield* v. *Department of Employment & Training,* 143 Vt. 495, 497, 468 A.2d 566, 567 (1983). We find no compelling indication that the Board's construction of the definition of wages is in error.

The petitioners' second argument is that the Board's determination, that the stipulation of facts did not completely establish that "the provision of meals and lodging contains no compensatory aspect," is clearly erroneous. The petitioners allege that this determination constitutes a finding of fact by the Board that the provision of meals and lodging does have a compensatory aspect. They then allege this is clearly erroneous because it constitutes an impermissible interpretation of the statement of facts. The petitioners' argument lacks merit because the allegedly erroneous finding was never made by the Board. The fact that the Board was unable to determine that the provision of meals contains *no* compensatory aspect does not logically support the claim that the Board found that the provision of meals and lodging contains *a* compensatory aspect.

The petitioners' final argument is that the Board erred in denying them the opportunity to present additional facts before denying them the relief they sought. The record, however, reveals that the Board indicated in its decision that based on the facts presented, it was unable to make the determination requested by the petitioners. The petitioners made no effort to present more evidence to the Board. Instead, they immediately appealed the Board's decision to this Court. Since the petitioners never attempted to present additional evidence

634

to the Board, we are unable to find that the Board denied them an opportunity to do so.

*Affirmed.*