## Vermont State Employees' Association v. State of Vermont

[562 A.2d 1054]

No. 84-509

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 5, 1989

*Michael R. Zimmerman, VSEA Staff Attorney,* and *Susan M. Dole, of Counsel,* Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy, Attorney General, Michael Siebert, Assistant Attorney General,* and *Richard Cortese (On the Brief),* Montpelier, for Defendant-Appellee.

**Gibson, J.** The Vermont State Employees' Association (VSEA) appeals a decision of the Vermont Labor Relations Board (Board), which held that the State's refusal to bargain about the conditions of employment of certain probationary employees did not constitute an unfair labor practice. We reverse.

While negotiating for the 1984-1986 biennial contract, VSEA sought to bargain over a proposal concerning classified employees serving initial probationary periods. The State refused to discuss any proposals relating to employees in this probationary period. VSEA filed a grievance with the Board, claiming that the State's refusal to bargain over this proposal constituted an unfair labor practice under 3 V.S.A. § 961(5). The Board held that 3 V.S.A. § 904(a)(9) excludes from collective bargaining the conditions of employment for classified state employees during their initial probationary period.

As a general rule, this Court defers to the Board in determinations made within the area of its expertise. *In re VSEA, Inc.,* 143 Vt. 636, 642, 471 A.2d 230, 234 (1983). As we have previously noted, " 'absent compelling indication of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal.' " *Vermont Camping Ass'n* v. *Department of Employment & Training,* 145 Vt. 630, 633, 497 A.2d 353, 355 (1985) (quoting *In re Vermont Health Service Corp.,* 144 Vt. 617, 622-23, 482 A.2d 294, 297 (1984)). In the instant case, however, the Board's construction of the applicable statute does not withstand analysis, and therefore, we are unable to sustain it. See *In re Agency of Administration,* 141 Vt. 68, 80, 444 A.2d 1349, 1354 (1982) (erroneous interpretation of statute by Environmental Board reversed by this Court).

The focus of this case centers on the interpretation of 3 V.S.A. § 904, which provides in pertinent part that:

> (a) All matters relating to the relationship between the employer and employees shall be the subject of collective bargaining except those matters which are prescribed or controlled by statute. Such matters apropriate for collective

bargaining to the extent they are not prescribed or controlled by statute include but are not limited to:

. . . .

(9) Rules and regulations for personnel administration, except the following: . . . rules and regulations relating to . . . employees in an initial probationary status including any extension or extensions thereof provided such rules and regulations are not discriminatory . . . .

The Board interpreted § 904(a)(9) as implicitly excluding the conditions of employment enumerated in § 904(a)(1)-(8)[1] as proper subjects for collective bargaining with respect to probationary employees. Under the Board's interpretation of § 904(a)(9), the State has the right to "promulgate rules and regulations covering conditions of employment for probationary employees, free from obligation to bargain," and this right preempts the field relative to conditions of employment for probationary employees whether or not the State has exercised its rulemaking power. We believe the Board has misinterpreted the clear intent of the statute.

◾ The language of § 904(a)(9) clearly excludes from collective bargaining all rules and regulations pertaining to "personnel administration" for classified employees during their initial probationary period; it makes no reference to the conditions of employment, set forth in § 904(a)(1)-(8), for these employees. The plain, ordinary meaning of statutory language is presumed to be that which the Legislature intended. *Wetterau, Inc,* v. *Department of Taxes,* 141 Vt. 324, 327, 449 A.2d 896. 897 (1982); see also *Vermont State Colleges Faculty Federation* v. *Vermont State Colleges,* 138 Vt. 451, 455, 418 A.2d 34, 37 (1980) ("Presumably, this language was inserted advisedly, and with intent that it should be given meaning and force."). Further, words in a statute, without definition, are to be given their plain and commonly accepted use. *Brattleboro Chalet Motor Lodge, Inc.* v. *Thomas,* 129 Vt. 405, 411, 279 A.2d 580, 583 (1971). We presume, therefore, that the phrase "[r]ules and regulations for personnel administration" pertains to the purely administrative aspects of personnel manage-

---

[1] 3 V.S.A. § 904(a)(1)-(8) deals with the general conditions of employment for state employees, specifically, wages, hours, working conditions, overtime, leave compensation, reduction in force, grievances and insurance coverage.

ment for state employees, as distinguished from the wages, hours, working conditions, overtime, leave compensation, reduction in force, grievances and insurance coverage separately identified as matters for collective bargaining in § 904(a)(1)-(8).[2]

■ We recognize that the term "personal administration" is legitimately subject to varying interpretations. It has not been defined by any controlling authority in this state, nor has our independent research on this matter located any persuasive definition of this somewhat ambiguous term. When the meaning of a statute is not plain on its face, legislative intent "should be gathered from 'a consideration of the whole and every part of the statute, the subject matter, the effects and consequences, and the reason and spirit of the law.'" *Langrock* v. *Department of Taxes,* 139 Vt. 108, 110, 423 A.2d 838, 839 (1980) (quoting *Holbrook Grocery Co.* v. *Commissioner of Taxes,* 115 Vt. 275, 278-79, 57 A.2d 118, 120 (1948)).

In examining the entire subject matter of this dispute, we find substantial evidence that the Legislature did not intend § 904(a)(9) to preempt the field with respect to probationary employees. For example, the parties agree that probationary employees are limited by statute in their right to appeal grievances to the Board. 3 V.S.A. § 1001(a) (classified employees in initial probationary period may grieve claims of discrimination based on race, color, creed, sex, age, or national origin): § 904(a) ·(all matters are subject to collective bargaining except those "which are prescribed or controlled by statute"). Thus, when the Legislature sought to deny probationary employees certain grievance rights

---

[2] The Rules and Regulations for Personnel Administration, promulgated by the Secretary of Administration, include rules and regulations concerning the State classification plan; the administration of the compensation plan (dealing with such matters as salary adjustments pertaining to performance, promotion, demotion, transfer, and position reallocation, not basic wages or overtime pay); recruitment and examination; personnel registers; certification of names from a register; personnel appointments; probation, demotion and transfer; tenure, separation and reinstatement; performance evaluations, and delegation of authority. The Rules expressly exclude rules and regulations concerning pay plan revision; hours of service, overtime, holidays, and leaves of absence; reductions in force; dismissals; reemployment; shift differentials in compensation; grievance procedures; and appeals. Insurance is not mentioned in the Rules. Thus, the State's own Rules and Regulations for Personnel Administration specifically exclude, or else make no mention of, those items delineated in 3 V.S.A. § 904(a)(1)-(8).

available to other classified employees through the collective bargaining process in 3 V.S.A. § 904(a)(7), it did so in a clear and unequivocal fashion, not in the convoluted manner asserted by the State in this case. Cf. *Vermont State Colleges,* 138 Vt. at 455-56, 418 A.2d at 37 (Legislature's use of language different from that of analogous federal statute showed intent to deviate from result under federal law).

■ The most persuasive expression of legislative intent on this matter, however, is contained in the Pay Acts of 1982 and 1984. Sections of both of these acts, 1982, No. 249, § 3(b); 1984, No. 243, § 6(b), allow the Secretary of Administration to extend the provisions of the collective bargaining agreement to "other state employees who are not members of any collective bargaining unit." We believe these legislative actions evidence an intent by the Legislature to allow probationary employees to bargain collectively with respect to the conditions of employment set forth in § 904(a)(1)-(8).

As previously mentioned, the Rules and Regulations for Personnel Administration expresssly exclude rules that relate to the conditions of employment set forth in § 904(a)(1)-(8). In fact, the Rules make specific reference to the current collective bargaining agreement for coverage of matters pertaining to these conditions of employment. Therefore, without legislation to the contrary, and in the absence of properly promulgated rules and regulations, as contemplated by 3 V.S.A. § 310(e), governing conditions of employment, as identified in 3 V.S.A. § 904(a)(1)-(8), this Court will not assume a legislative intent to allow the State to exclude from collective bargaining the working conditions of classified employees during their initial probationary term. 3 V.S.A. § 904(a). See *Hackel* v. *Vermont State Colleges,* 140 Vt. 446, 449, 438 A.2d 1119, 1120 (1981) (matters relating to employer-employee relationship are subject to collective bargaining unless a statute provides otherwise).

*Reversed.*

**Peck, J.,** dissents without opinion.