**Patricia Lanphear v. Carmen and Carlo Tognelli**

[601 A.2d 1384]

No. 90-210

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 22, 1991

Motion for Reconsideration Denied December 12, 1991

*William R. Marks*, Burlington, for Plaintiff-Appellant.

*James J. Dunn* of *Mickenberg, Dunn, Sirotkin & Dorsch*, Burlington, for Defendants-Appellees.

**Morse, J.** Plaintiff brought suit against defendants, the owners and operators of a small 12-unit motel in Burlington, alleging violation of 21 V.S.A. § 384(a), Vermont's minimum wage law. After a court trial, plaintiff recovered a $50 judgment. She appeals, claiming the court erred in not applying a Vermont Department of Labor and Industry regulation and in making no award of attorney's fees. Defendants cross-appeal, claiming the court erred in doubling actual damages under 21 V.S.A. § 347. We reverse and remand for recomputation of damages.

The facts are not in dispute: On September 8, 1984, plaintiff, Patricia Lanphear, began working at the motel. Her duties included acting as desk clerk at the motel office, assisting with chambermaid and laundry duties on an as-needed basis, and being available for nighttime emergencies. Plaintiff worked an average of 50 hours per week, for which she was paid $80. In

addition to cash wages, plaintiff and her husband were allowed to live rent-free in a three-room apartment adjoining the motel office. All utilities, including telephone, cable T.V., linen, and cleaning materials were provided free of charge, as was off-street parking and use of a washer and dryer. The value of the noncash compensation was $375 a month, which, together with her weekly pay, translated into an hourly wage of $3.33. Plaintiff terminated employment at the motel on February 27, 1985.

Plaintiff contended at trial that a Vermont Department of Labor and Industry regulation, Wage Order No. 2, effective October 22, 1978, applied to this case. This Wage Order, ostensibly covering the motel industry, permitted deductions from minimum wage of up to $7.00 per week for "full room" furnished an employee. The court ruled, however, that Wage Order No. 2 was not applicable to the small motel industry, based on testimony of Department of Labor and Industry employees that it was customary and acceptable to allow lodging on the premises as part of a compensation package. According to these witnesses, the Department allowed credit for the fair value of lodging rather than the much lower rate allowed under the Wage Order in determining minimum wage paid.

Because $3.35 was the minimum wage at the time of plaintiff's employment, the court determined actual damages to be $.02 an hour for twenty-five 50-hour weeks, or $25.00. It added another $25.00 under 21 V.S.A. § 347 (requiring forfeiture of twice the value of "unpaid wages" as defined), for a total judgment of $50.00.

I.

The court erred in its disregard of the plain meaning of Wage Order No. 2, and substitution of the opinion of Department officials that full fair market value of lodging should be applied to wages in the small motel industry.

■■ Unless the regulation was invalid for some reason, it was the law. An employer is permitted to deduct from minimum wage an amount for lodging, utilities, and other items which are usual in a particular industry "as determined by the wage order made under this subchapter." 21 V.S.A. § 384(c). Wage orders are initiated by a wage board appointed by the Commissioner of

Labor and Industry with approval of the governor. 21 V.S.A. § 385(4)(A). Defendants advanced no reason for the invalidity of Wage Order No. 2.

■ Apparently, the Department officials did not enforce Wage Order No. 2 because they found it was unsuitable for the small motel industry. There may be good reason to doubt the wisdom of a fixed, artificially low allowance for lodging, but the remedy is modification of the regulation, not an ad hoc disregard of it. See *In re Peel Gallery*, 149 Vt. 348, 351, 543 A.2d 695, 697 (1988) ("An administrative agency must abide by its regulations as written until it rescinds or amends them" so that people will know how to conduct their affairs.) (citations omitted).

Wage Order No. 2 could not be clearer. It contains no ambiguities which may be interpreted by the agency to harmonize it with legislative policy. See *Vermont State Employees' Ass'n v. State*, 151 Vt. 492, 493, 562 A.2d 1054, 1055 (1989) (although Court generally defers to statutory interpretation of administrative body, construction cannot withstand appeal if it conflicts with unambiguous statutory language).

Defendants argue that it was proper for the Department to deem Wage Order No. 2 inapplicable because it involves a "deduction" from minimum wage, while in the small motel industry it is usual to provide lodging as part of a compensation package. This is a senseless difference in semantics. It makes no difference whether the hourly wage is determined by adding or deducting the value of lodging. A predetermined wage is the wage either way.

## II.

■ We agree with defendants that the double recovery provision of 21 V.S.A. § 347 does not apply to this case. Subchapter 2 ("Wages and Medium of Payment") of chapter 5 ("Employment Practices") makes it unlawful to delay payment of weekly wages beyond six days from the end of the week the wages were earned. 21 V.S.A. § 342(a). Subchapter 2 also provides other measures to ensure prompt payment, the form of payment, investigative procedures, and criminal and civil penalties. In short, the penalty provision applies only to violations of the timeliness and form of wage requirements, not the underpay-

ment of wages. The minimum wage requirement is found in subchapter 3 ("Minimum Wages"), a self-contained regulatory scheme distinct from the preceding subchapter. Criminal penalties and civil remedies are unique to violations of the requirements in subchapter 3. 21 V.S.A. §§ 394(b), 395.

If violations of requirements to pay no less than minimum wage under subchapter 3 were automatically violations subject to subchapter 2 penalties, different remedies and penalties would apply to the same conduct, rendering the less stringent sanctions of subchapter 3 meaningless. See *Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980) (if two statutory provisions seem to conflict, they should be interpreted and harmonized so as to give effect to *both*) (emphasis added).

## III.

▇ Plaintiff also contends that the court erred in denying attorney's fees because such an award is mandatory according to her reading of § 347. Because we hold § 347 does not apply to this case, we remand for review under § 395 in light of this opinion. 21 V.S.A. § 395 ("reasonable attorney's fees . . . may be allowed by the court").

*Reversed and remanded for recomputation of damages in accordance with the views of this opinion.*