### Steve J. LONGARIELLO v. WINDHAM SOUTHWEST SUPERVISORY UNION

[679 A.2d 337]

No. 95-275

May 31, 1996. Plaintiff Steve

Longariello sued his former employer, Windham Southwest Supervisory Union, alleging that the method by which he was paid violated 21 V.S.A. § 342 and resulted in the loss of unemployment compensation benefits, which were compensable by 21 V.S.A. § 347. In response to defendant's motion to dismiss, the superior court held that the claim was barred by res judicata because the issues had been adjudicated and resolved adversely to plaintiff in his unemployment compensation appeal, which was affirmed by this Court. See *Longariello v. Department of Employment & Training*, No. 92-642 (Vt. July 30, 1993) (unpublished); *Longariello v. Department of Employment & Training*, No. 94-017 (Vt. June 24, 1994) (unpublished). We reverse and remand.

Plaintiff worked as an integration specialist for defendant school district from February 3, 1992 to June 20, 1992.[1] For work during this period, plaintiff earned $12,262 and was offered two payment plans: (1) to receive his salary over the period from February 3 to the end of August; or (2) to receive his salary as in (1) for the months of February through May and then to receive in June as a lump sum the amounts that would have been paid in June, July and August. Plaintiff chose the latter option and, as a result, received 47% of his total salary in June. On the completion of his employment, plaintiff applied for unemployment compensation and was found ineligible because of the method by which he was paid.[2] This denial was upheld by the

Employment Security Board, and eventually, by this Court.

It is undisputed that plaintiff would have been eligible for unemployment compensation had he received his wages in equal increments during the period he worked. It is not clear from the sparse record what the effect of the former option above would have been on unemployment compensation eligibility.

The superior court granted defendant's motion to dismiss because "[t]his case has been fully litigated and adjudicated, including appellate review by the Vermont Supreme Court." Res judicata, also known as claim preclusion, applies if there is a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical to those before the court in this case. See *Berlin Convalescent Center v. Stoneman*, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992). It bars claims that were litigated and those which should have been raised in the prior litigation. See *id.* at 56, 615 A.2d at 143-44. The related doctrine of collateral estoppel, or issue preclusion, bars relitigation of an issue that was actually litigated and decided in a prior case between the parties resulting in a final judgment on the merits, where that issue was necessary to the resolution of the action. See *id.* at 56, 615 A.2d at 144.

Neither res judicata nor collateral estoppel applies here. Plaintiff could not

---

[1] Because there has been no adjudication on the merits, the facts are derived from the earlier decisions in the unemployment compensation appeal as attached to defendant's motion to dismiss.

[2] 21 V.S.A. § 1338(d)(2) requires that in addition to the wages paid in the highest calendar quarter of the employee's base period, the employee must be paid in the base period additional wages equal to

40% or more of that amount. In this case, the base period is the year before plaintiff's application for benefits, see 21 V.S.A. §§ 1301(16)(A), 1301(17)(B), and plaintiff earned no other wages during that year. Since the amount paid in the first quarter of 1992 does not equal at least 40% of the amount earned in the second (and highest) quarter, the requirement of § 1338(d)(2) was not met. It would have been met if plaintiff had been paid in equal installments over the period of his employment.

have litigated in the administrative appeal system of the Department of Employment and Training the legality of defendant's wage payment scheme under 21 V.S.A. § 342. Nor did plaintiff actually litigate this issue. The fact that plaintiff now seeks damages measured in part by the loss of unemployment compensation benefits does not change the fact that he could not, and did not, litigate his current liability theory.

In the alternative, defendant argues that the dismissal should be affirmed because the complaint does not allege facts that would entitle plaintiff to relief under 21 V.S.A. § 347, the remedy provision. This argument was not considered by the superior court, and the record is inadequate to allow us to rule on it here.

Plaintiff alleges liability under § 342(b), which provides in pertinent part:

> any person having employees in his service doing and transacting business within the state may . . . pay bi-weekly or semi-monthly in lawful money or checks, each of his employees, the wages earned by the employee to a day not more than six days prior to the date of the payment. If a collective bargaining agreement so provides, the payment may be made to a day not more than 13 days prior to the date of payment.

Without factual development in this case, we cannot determine whether this section has been violated. We note, however, that the facts developed in the earlier proceeding, as placed before the court by defendant in connection with the motion to dismiss as set forth above, suggest a violation of this section because part of plaintiff's wages were held back to be paid at the end of his employment or in the months after the employment ended.

Nevertheless, defendant argues there is no remedy for any violation of § 342 because plaintiff's wages have been paid. Section 347 provides a forfeiture remedy for violation of § 342 but provides: "no action may be maintained under this section unless at the time the action is brought the wages remain unpaid or improperly paid." 21 V.S.A. § 347. Defendant's argument ignores the words "improperly paid" which plainly mean something beyond continuing failure to pay.[3] Nothing in *Lamphear v. Tognelli*, 157 Vt. 560, 563, 601 A.2d 1384, 1386 (1991), a case holding that the remedies in § 347 are inapplicable for violations of minimum wage laws, suggests that § 347 cannot reach the adverse consequences of uncorrected payment delays.

Plaintiff also appeals two protective orders issued by the court. The first relates to discovery and was issued because the dismissal made plaintiff's discovery requests moot and this Court had ruled that the information was not discoverable. We agree that the court could find that the requests involved "undue burden or expense" and acted within its discretion. V.R.C.P. 26(c).

The second protective order was issued in response to plaintiff's repetitive filings of motions to alter or amend the court's judgment and directed that future filings by plaintiff be accompanied by an attorney's affidavit that they comply with V.R.C.P. 11. In light of our disposition, we strike this protective order.

*Reversed and remanded; protective order dated March 25, 1995 is stricken.*

---

[3] We do not decide how, if plaintiff establishes liability, the amount of the forfeiture would be calculated in this case.